IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AARON UNDERWOOD,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-219**        (JCN: 2024026434)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Aaron Underwood appeals the April 23, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") filed a response.[1] Mr. Underwood did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Underwood completed an Employee's and Physician's Report of Injury dated August 27, 2024, alleging that he twisted his right knee at work on July 31, 2024, when he was going through a man door. The physician's portion, completed by Adam Klein, M.D., on August 22, 2024, identifies the diagnoses of primary osteoarthritis of the right knee and right medial tibial plateau fracture. It is noted that Mr. Underwood twisted his knee at work and his previous right knee arthroplasty now required a revision. Dr. Klein failed to classify Mr. Underwood's condition as an occupational injury, occupational disease, or non-occupational.

Prior to the alleged injury at issue in the instant case, between October of 2022 and July of 2024, Mr. Underwood was diagnosed with and treated for right knee pain and swelling, and osteoarthritis of the right knee. On April 3, 2023, Mr. Underwood was given a corticosteroid injection and noted some improvement, however, that was short-lived. On April 17, 2023, Mr. Underwood underwent an MRI of his right knee revealing a fracture

---

[1] Mr. Underwood is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

of the right medial tibial plateau with a seven millimeter articular depression, a marrow/soft tissue edema, a large joint effusion, a moderate Baker's cyst, a complex tear of the posterior horn and body of the medial meniscus with associated meniscal extrusion, complete tears of the anterior and posterior horns as well as a horizontal cleavage tear of the lateral meniscus, an inferior-pole apex grade 2 chondromalacia patellae, laxity of the anterior cruciate ligament ("ACL"), laxity of the posterior cruciate ligaments ("PCL"), a possible distal ACL tear in the appropriate clinical setting, and laxity of the MCL from degenerative changes or a grade 2 sprain. On January 19, 2024, Mr. Underwood underwent a right medial partial knee replacement for degenerative joint disease.

Nathan Guerriere, PA-C, authored a telephone encounter addendum report dated July 26, 2024, noting that Mr. Underwood's wife called regarding Mr. Underwood twisting his right leg at work and having pain and swelling. On August 1, 2024, Mr. Underwood underwent a right knee x-ray revealing right unicompartmental knee arthroplasty with unchanged alignment. In his August 6, 2024, progress notes, Dr. Klein noted that Mr. Underwood returned seven months status post right partial knee replacement and reported 9/10 pain, which started last week at work when he twisted his knee.

On December 3, 2024, Kelly Underwood, Mr. Underwood's wife, was deposed and testified that she called his primary care doctor on July 26, 2024, for Gabapentin for his neuropathy; that Mr. Underwood did not suffer his work injury until July 31, 2024; and that she called Dr. Klein's office on August 1, 2024, about Mr. Underwood's right knee injury.

On December 3, 2024, Mr. Underwood was deposed, and he testified that he suffered a work injury on July 31, 2024, when he picked up a tool bag and stepped through a man door when his right leg twisted and popped. Mr. Underwood stated that he reported the injury to James Harris and that he completed an accident report when he got out of the mines. Mr. Underwood testified that he first sought treatment on August 1, 2024; that he worked from August 1 to August 16, 2024; that he took vacation from August 18 to August 25, 2024; that after his vacation, he could not work because of severe pain; and that he has not returned to work since August of 2024, nor has he attempted to return to work. He stated that he had a partial knee replacement in January by Dr. Klein and returned to work on April 15, 2024. Mr. Underwood testified that when he had symptoms in 2022, they did not result from an injury, and that he did not have any treatment for arthritis in his right knee before 2022.

Ronald Fadel, M.D., an orthopedic surgeon, authored a record review report dated December 19, 2024. Dr. Fadel opined that Mr. Underwood's early imaging strongly suggests the presence of progressive, preexisting changes in Mr. Underwood's right knee, which would eventually require a total knee replacement. Dr. Fadel stated that the available objective data fail to offer conclusive information regarding whether Mr. Underwood

suffered a discrete new injury on July 31, 2024, or simply aggravated his preexisting right knee condition. Further, Dr. Fadel opined that the medical records indicated that Mr. Underwood would have required revision surgery with or without the workplace incident because there was pre-existing, progressive degeneration of the lateral patellar femoral compartments, ACL deficiency/laxity and femoral compartment lysis; and whether or not these pathologies were aggravated by the twist injury on July 31, 2024, is not objectively established in the records he reviewed.

On April 23, 2025, the Board affirmed the claim administrator's order rejecting the claim. The Board found that Mr. Underwood failed to establish that he sustained a discrete new injury on July 31, 2024. Mr. Underwood now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Underwood argues that prior to his injury on July 31, 2024, he was working full duty without restrictions and, following the injury, he required a knee replacement. Mr. Underwood cited *Manning v. State Comp. Comm'r*, 124 W. Va. 620, 22 S.E.2d 299 (1942) in support of his arguments. The Supreme Court of Appeals of West Virginia held in *Manning* that, "[a] diseased workman who in the course of and resulting from his employment receives an injury, which aggravates or accelerates the disease, to the extent of causing a disability sooner than would otherwise have occurred, is entitled to compensation from the Workmen's Compensation Fund." *Id.* at 620, 22 S.E.2d at 300, syl. pt. 3.

However, the Supreme Court of Appeals of West Virginia also held in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), that

[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3. *Also see Blackhawk Mining, LLC v. Argabright*, 251 W. Va. 549, 915 S.E.2d 7 (Ct. App. 2023), *aff'd*, No. 23-381, 2024 WL 3984505 (W. Va. Aug. 27, 2024) (memorandum decision) (compensability is limited only to discrete new injuries and disabilities that manifest following the compensable injury.)

Here, the Board found that:

[i]t is evident from the evidence of record that [Mr. Underwood] was receiving treatment for his right knee prior to the alleged work injury. The right knee MRI of April 17, 2023, revealed several non-compensable conditions, including degenerative changes, a fracture of the right medial tibial plateau, tears of the anterior and posterior horns, laxity of the ACL and PCL, and laxity of the MCL from degenerative changes or a grade 2 sprain. Additionally, [Mr. Underwood] had a partial knee replacement for degenerative joint disease on January 19, 2024; and Dr. [Fadel] reported that [Mr. Underwood] would have needed this surgery whether or not he suffered a discrete new injury on July 31, 2024, or simply aggravated his preexisting right knee condition. [Mr. Underwood's] diagnoses did not change after the July 31, 2024, incident. After considering the evidence of record, it is found that [Mr. Underwood] did not sustain a discrete new injury on July 31, 2024.

Upon review, we conclude that the Board was not clearly wrong in finding that the preponderance of the evidence does not support the finding that Mr. Underwood suffered a discrete new injury on July 31, 2024. The Board clearly found Dr. Fadel's medical testimony more credible than Dr. Klein's opinion. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which rejected the claim.

Accordingly, we affirm the Board's April 23, 2025, order.

4

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White